Nationwide Mutual Insurance Company, et al., Petitioners *v*. Michael L. Browne, Insurance Commissioner and the Insurance Department of the Commonwealth of Pennsylvania, Respondents.

State Farm Mutual Automobile Insurance Company et al., Petitioners *v*. Michael L. Browne, Insurance Commissioner and the Insurance Department of the Commonwealth of Pennsylvania, Respondents.

Argued December 15, 1981, before President Judge CRUMLISH, JR., and Judges MENCER, ROGERS, WILLIAMS, JR. and CRAIG.

*Jeffrey B. Clay,* with him *David E. Lehman,* and *Eric L. Brossman, McNees, Wallace & Nurick,* for petitioners, Nationwide Mutual Insurance Company et al.

*James J. McCabe,* with him *Jane D. Elliott* and *Susan L. Claypoole, Duane, Morris & Heckscher,* for petitioners, State Farm Mutual Automobile Insurance Company et al.

*Hannah Leavitt,* Assistant Counsel, with her *Allen C. Warshaw,* Deputy Attorney General and *Anthony A. Geyelin,* Chief Counsel, for respondents.

OPINION BY JUDGE CRAIG, March 10, 1982:

These two actions, addressing our original jurisdiction with requests for declaratory and injunctive relief, relate to the order and adjudication of the Insurance Commissioner in the proceeding brought by Philip V. Mattes, the appeal from which we have concurrently decided in *Hartford Accident and Indemnity Co. v. Insurance Commission,* 65 Pa. Commonwealth Ct.

236, 442 A.2d 382 (1982). In view of the Commissioner's invalidation of an automobile insurance rate filing of Hartford because it involved a sex-based classification, these petitions of Nationwide Mutual Insurance Company, State Farm Mutual Automobile Insurance Company, Allstate Insurance Company and affiliated companies request that we order the Commissioner to withdraw his order in the *Hartford* case insofar as it applies to insurers other than Hartford, and that we take evidence in this court and thereafter declare that, where there is sound actuarial justification, automobile insurers shall be entitled to use sex as a rating factor.

On behalf of the Commissioner, the Commonwealth has interposed preliminary objections raising various questions, including lack of jurisdiction in this court to entertain the actions. Our conclusion is to sustain the jurisdictional preliminary objections because petitioners have their remedies before the Commissioner under the Casualty and Surety Rate Regulatory Act (Rate Act), Act of June 11, 1947, P.L. 538, 40 P.S. §§1181-1199.

The petitions ignore the point that the straightforward terms of the Commissioner's order in the *Hartford* case are confined to invalidating only "the automobile insurance rating plan of Hartford Accident and Indemnity Company, insofar as it contains sexual classifications...." Their concern actually stems from discussion passages in the Commissioner's adjudication, where the Commissioner voices a common-sense recognition of the fact that his action in the *Hartford* case contains an implication that he will pursue the same principles in subsequent rate filing proceedings; for that reason he deferred the effectiveness of his order as to Hartford until April 17, 1981 and has since extended that effective date to April 17, 1982.

Petitioners further contend that the Commissioner's action in *Hartford* amounts to the promulgation of a purported regulation, without pursuing proper regulation-making proceedings. Obviously, the above-noted order, the terms of which apply to Hartford only, is just that—an order and not a regulation.

Apparently the petitioners have proposed to adopt new rate filings of their own, involving sex-based classifications (some of them have apparently done so during the period of the *Hartford* proceedings). They fear that, although their filings may involve sounder justifications as a matter of fact, they will be precluded from presenting evidence on the point. They overlook their entitlement under Section 5(a), 40 P.S. §1185(a) of the Rate Act, which requires that the Commissioner "before issuing an order of disapproval," shall "hold a hearing upon not less than ten (10) days written notice...."

If this court were to hold a trial and review petitioners' rate filings in the stead of the Commissioner, we would be acting outside our jurisdiction. In *Myers v. Department of Revenue*, 55 Pa. Commonwealth Ct. 509, 423 A.2d 1101 (1980) we found that we lack original jurisdiction with respect to questions (involving sales and personal income tax issues in that case) for which an administrative appeal process exists. We note that the Declaratory Judgments Act states that relief is not available under it with respect to any proceeding "within the exclusive jurisdiction of a tribunal other than a court." 42 Pa. C. S. §7541(c)(2).

Petitioners' desire to protect their positions in relation to the *Hartford* case is understandable; they apparently believe that they may have stronger cases than that which Hartford could present. However, in our judicial system, parties and their lawyers commonly may encounter disappointment that an earlier case might have put a less favorable face on a cause than

their own evidence would, but the answer is for them to pursue the remedies which they have, rather than to expect that the courts should prematurely remold the situation. Although the *Hartford* case necessarily required us to decide questions of law with respect to the scope of the Commissioner's statutory authority, the order which we there affirmed was an order based upon the record in that case, not the record in any other.

The petitions must be dismissed as a consequence of sustaining the preliminary objections on jurisdiction. Consideration of the demurrers is not necessary.

### Order

Now, March 10, 1982, respondents' preliminary objections numbered 1 and 2, relating to jurisdiction, are sustained, and the petition is dismissed.

Judge PALLADINO did not participate in the decision in this case.