Robert Taylor et al., Petitioners *v.* Commonwealth of Pennsylvania, Insurance Department et al., Respondents.

Argued October 19, 1984, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Malcolm H. Waldron, Jr., Waldron, Lipkin & Goldstein,* for petitioners.

*Albert J. Strohecker, III,* Associate Chief Counsel, with him, *Samuel R. Marshall,* Assistant Counsel, for respondent, Insurance Department, Commonwealth of Pennsylvania.

*John J. McLean,* with him, *Mark Raymond Hornak, Buchanan-Ingersoll, P.C.,* Of Counsel: *Martin J. Hertz, Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,* for respondent, Pennsylvania Automobile Insurance Plan.

OPINION BY JUDGE DOYLE, December 21, 1984:
Before this Court are preliminary objections to a "complaint in mandamus" filed before us in our orig-

inal jurisdiction.[1] Petitioners, who are purchasers of automobile insurance, allege, *inter alia,* that the Respondent, Insurance Department (Department) has failed to enforce mandatory provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act[2] (No-fault Act) in that the Commissioner of Insurance (Commissioner) has failed in his duty pursuant to Section 105 of the No-fault Act to maintain a plan assuring that "required no-fault benefits and tort liability coverages for motor vehicles will be conveniently and expeditiously available. . . ."[3] Consequently, Petitioners maintain that they have been forced to pay higher premiums to procure insurance. Specifically Petitioners allege that because of the Commissioner's failure to properly regulate rates, premiums are lower in Philadelphia than in other parts of the Commonwealth. Insurers are, thus reluctant to write policies in Philadelphia, preferring instead to write policies elsewhere and collect higher premiums. Petitioners further allege that this situation has resulted in an inadequate voluntary market in the Philadelphia area and has caused Petitioners to be discriminated against because of their geographic location. The Department, in response to the complaint, has filed preliminary objections alleging (1)

---

[1] The action of mandamus has been abolished as a pleading before the Commonwealth Court. *See* Pa. R.A.P. 1502. We therefore treat this as a petition for review under Chapter 15 of the Pennsylvania Rules of Appellate Procedure. Preliminarily, we also note that Petitioners allege that our jurisdiction is founded upon various insurance statutes. They fail, however, to cite any particular provision of Section 761 of the Judicial Code (which delineates this Court's original jurisdiction). 42 Pa. C. S. §761.

[2] Act of July 19, 1974, P.L. 489, 40 P.S. §§1009.101-.701, *repealed by* Section 8 of the Motor Vehicle Financial Responsibility Law, Act of February 12, 1984, P.L. , *as amended.*

[3] 40 P.S. §1009.105.

that Petitioners have failed to exhaust their administrative remedies, (2) that Petitioners lack standing to bring this suit and (3) that Petitioners' mandamus action is inappropriate because the relief sought requires the Commissioner to exercise his discretion, not merely perform a mandatory ministerial duty. Because we find that Petitioners have not properly exhausted their administrative remedies, we need not consider the other preliminary objections raised.[4] Petitioners admit in their complaint that they have procured insurance. The injuries they allege are (1) that the procedure by which they had to acquire insurance was inconvenient, (2) that the rates they paid were excessive and (3) that they have been discriminated against because of their geographic location.

Section 5(b) of The Casualty and Surety Rate Regulatory Act[5] (Rate Act) provides a remedy for "[a]ny person or organization aggrieved with respect to any filing which is in effect. . . ." Although Petitioners contend that this remedy is restricted to litigants who can "locate a voluntary market and be refused coverage," we find no such restriction in the statute. If, as Petitioners allege, they are injured by being forced to pay higher premiums solely because of their geographic location, they are certainly aggrieved with respect to a filing. Section 3(d) of the Rate Act prohibits rates which are "excessive, inadequate or unfairly discriminatory." 40 P.S. §1183(d). Section 3(d), thus, specifies particular types of rate injuries. In determining whether Section 5(b) is the remedy Petitioners must utilize, it is important to

---

[4] Petitioners also brought suit against the Pennsylvania Automobile Insurance Plan (PAIP) alleging that PAIP, together with the Department, had established a series of rules and regulations which harassed Petitioners. By stipulation PAIP was dismissed as a party.

[5] Act of June 11, 1947, P.L. 538, 40 P.S. §1185.

distinguish the *injuries* alleged from their *cause*. The injuries here alleged are high rates and discriminatory treatment, the types of injuries recognized in Section 3(d). The alleged cause of these injuries is a failure on the part of the Commissioner to provide voluntary markets. The applicability of Section 5(b) must be determined by the injury alleged, not its *cause*. In short, why the rates are high is certainly a relevant fact, but it is not the basis for determining whether Section 5(b) applies to Petitioners' situation. Because the injuries here alleged are the type recognized as rate injuries, Petitioners' remedy is Section 5(b) of the Rate Act.

The Pennsylvania Supreme Court has previously stated that a mandamus action will not properly lie where administrative remedies have not been exhausted. *Packler v. State Employees' Retirement Board,* 487 Pa. 51, 408 A.2d 1091 (1979); *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 296-97, 297 A.2d 823, 825 (1972). The Rate Act vests exclusive jurisdiction on the subject of rate making with the Department and the Commissioner. *Genkinger v. New Castle City,* 188 Pa. Superior Ct. 229, 146 A.2d 640 (1958). The administrative remedy provided by the Rate Act has not been exhausted by Petitioners. As we stated in *Nationwide Mutual Insurance Company v. Browne,* 65 Pa. Commonwealth Ct. 236, 442 A.2d 387 (1982), it would be frustrating the design of the Rate Act and acting outside our jurisdiction if we heard complaints relating to rate filing without first according the Commissioner the opportunity to apply his expertise. Accordingly, we sustain the Department's preliminary objection that Petitioners have failed to exhaust their administrative remedies and dismiss the petition.

ORDER

Now, December 21, 1984, Respondents' preliminary objection that Petitioners have failed to exhaust their administrative remedies is hereby sustained and Petitioners' petition is accordingly dismissed.