548 A.2d 600

**Gladys GORDON, Appellant,**

v.

**PENNSYLVANIA BLUE SHIELD, Appellee.**

Superior Court of Pennsylvania.

Argued June 30, 1988.

Filed Oct. 4, 1988.

Joel M. Lieberman, Philadelphia, for appellant.

Don P. Foster, Philadelphia, for appellee.

Before TAMILIA, KELLY and HESTER, JJ.

KELLY, Judge:

This is an appeal from the Order of January 2, 1988 in which defendant's preliminary objections to plaintiff's complaint were granted. The trial court ordered Counts II through V stricken from plaintiff's complaint. Plaintiff appeals. We affirm.

On December 10, 1985, plaintiff/appellant, Gladys Gordon, was operating a motor vehicle when she was struck from behind by another vehicle. As a result of this accident, Gordon sustained injuries. At the time, Gordon maintained automobile insurance with Erie Insurance Company for liability and no-fault benefits; Gordon maintained medical insurance with Philadelphia Blue Cross and Pennsylvania Blue Shield (Blue Shield) by virtue of her membership in her employer's group medical plan.

Gordon claimed total medical bills from the automobile accident of $12,339.55. After exhausting her $10,000.00 no-fault benefits through Erie, Gordon submitted a secondary claim to appellee Blue Shield for the balance of $2,339.55. Blue Shield denied payment. Gordon then filed a five count complaint against Blue Shield alleging in Count I, breach of contract; in Count II, misrepresentation and deceit; in Count III, violation of the Unfair Trade Practices and Consumer Protection Law; in Count IV, punitive damages; and in Count V, class action status. Blue Shield filed preliminary objections to Gordon's complaint which were granted by the trial court. The trial court ordered Counts II through V of appellant's complaint stricken. Gordon now appeals to this Court and raises the following issue:

> Does plaintiff, Gladys Gordon, have the private right to bring a cause of action against an insurance carrier for the violation of the Unfair Trade Practices and Consumer Protection Law?

(Appellant's Brief at 3).

Our standard of review of such cases has been set forth in *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986):

> With respect to preliminary objections which are sustained by the trial court:

In determining whether the lower court properly dismissed the complaint, we must take as true 'every well pleaded material fact set forth in the pleading ..., as well as the inferences reasonably deducible therefrom.' Furthermore, we must bear in mind

> the rule that preliminary objections should be sustained and a complaint dismissed only in cases which are clear and free from doubt. To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. Where any doubt exists as to whether or not the preliminary objections should be sustained, that doubt should be resolved by refusing to sustain the objections.

*Pekular,* 355 Pa.Superior Ct. at 280, 513 A.2d at 429 (citations omitted).

"Ordinarily, no point will be considered which is not set forth in the statement of questions involved or suggested thereby." Pa.R.A.P. 2116(a). In this case, we note that although the trial court struck Counts II, III, IV and V of appellant's original complaint, the issue now raised by appellant on appeal encompasses only the dismissal of Count III. This Court will address only the issue set forth in appellant's statement of questions presented, regardless of any other argument raised in appellant's brief. Thus, all arguments relating to the striking of Counts II, IV and V or the merits of any argument relating to those counts are waived.[*] *First Seneca Bank v. Greenville Distributing Co.,* 367 Pa.Super. 558, 533 A.2d 157 (1987); Von Moschzisker, *A Time Saving Method of Stating in Appellate Briefs, The Controlling Question for Decision,* 34 Yale L.J. 287

---

[*] Most of the argument section of appellant's brief pertains to the appealability of the order sustaining appellee's preliminary objections. We are hard-pressed to discern any viable argument specifically supportive of appellant's issue on appeal as stated in her Statement of the Question Involved. The Argument section of appellant's brief instead follows a meandering course which fails to provide a pertinent review of appellant's sole issue on appeal, in violation of Pa.R.A.P. 2119(a). Nevertheless, we strive to review appellant's claim as set forth in her 2116(a) statement.

(1924–25), *reprinted in* Von Moschzisker, *Stare Decisis, Res Judicata, and Other Selected Essays*, 207–25 (1929) (explaining the origin, purpose, and application of the rule requiring a brief statement of the questions presented).

## I.

Our first task is to determine whether this appeal is properly before this Court. *See Hardy v. Pennock Insurance Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987), *quoting Cloverleaf Development, Inc. v. Horizon Financial F.A.*, 347 Pa.Super. 75, 500 A.2d 163 (1985). Appellant's cause of action for breach of contract was the sole claim not stricken from appellant's complaint by the court below. Count III of appellant's complaint, which was dismissed, alleged that Blue Shield violated the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 *et seq.*, by violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1, *et seq.*

This Court stated in *Hardy:*

Reiterating the rule set forth in *Cloverleaf,* if the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final and appealable as to those causes of action dismissed. *Cloverleaf,* 347 Pa.Superior Ct. at 82, 500 A.2d at 166.

\* \* \* \* \* \*

Count IV (in trespass) alleges the existence of unfair or deceptive acts or practices under the Unfair Insurance Practices Act and/or the Pennsylvania Unfair Trade Practices and Consumer Protection Law. This claim is not present in Count I of appellants' complaint. It is a separate and distinct cause of action based upon statutory law. Therefore, the dismissal of Count IV, like Count III, was a final and appealable order, and may now be presented to this Court for consideration.

365 Pa.Superior Ct. at 212, 529 A.2d at 475. Thus, the dismissal of appellant's Unfair Trade Practices and Consumer Protection Law claim in *Hardy* was properly appealed.

■ In this case, Count III of appellant's complaint involves appellee's alleged violation of the Unfair Trade Practices and Consumer Protection Law. This claim is likewise separate and distinct from appellant's remaining breach of contract claim at Count I. Therefore, the order of the court below is final and appealable as it pertains to the dismissal of Count III of appellant's complaint.

## II.

As to the merits of appellant's sole contention on appeal, we agree with the trial court that appellant has failed to properly state a cause of action under the Unfair Trade Practices and Consumer Protection Law. Our reasoning follows.

## A.

We note initially that in *Pekular v. Eich, supra,* this Court explained that an action pursuant to the Unfair Insurance Practices Act would *not* preclude appellant from initiating a separate cause of action of existing common law remedies such as fraud and deceit. A common law cause of action for fraudulent misrepresentation could, therefore, have been properly before this Court. However, as we explained at the outset, appellant has waived any such claim on appeal by raising before this Court only the issue of whether the trial court erred in dismissing the Unfair Trade Practices and Consumer Protection Law claim stated in Count III the original complaint. No challenge to the dismissal of appellant's claim of misrepresentation and deceit, as raised in Count II of appellant's complaint, has been preserved on appeal. Therefore, we may not address a claim of fraudulent misrepresentation in the context of a common law cause of action.

B.

Appellant argues that a violation of the Unfair Insurance Practices Act by appellee in this case is a *"per se* or *de facto* violation"* of the Unfair Trade Practices and Consumer Protection Law. Appellant's complaint at 5, R.R. 16a. We decline to address appellant's claim as stated. When the appellants in *Hardy, supra,* attempted to raise a violation of the Unfair Insurance Practices Act before this Court, we made it clear that such an action was not properly within our jurisdiction. This Court stated:

> In the instant case, appellants sought statutory relief before the courts rather than requesting the Department of Insurance to review the action to determine whether a hearing was warranted. This act was contrary to *D'Ambrosio [v. Pennsylvania National Mutual Casualty Insurance Co.] supra* [494 Pa. 501, 431 A.2d 966], and the express administrative procedure as set forth in *[J.C. Penney Cas. Ins. Co. v. Com. Dept. of Ins.* 43 Pa. Cmwlth. 360, 402 A.2d 558 (1979) ]. Therefore, we hold that the court's dismissal of Count IV of appellants' complaint was proper with regard to the Unfair Insurance Practices Act.

*Hardy,* 365 Pa.Superior Ct. at 220, 529 A.2d at 478. It is not for this Court to determine whether appellant violated the Unfair Insurance Practices Act.

We follow the rationale set forth in *Hardy,* and note a distinction between that case and the instant case which must be addressed. In *Hardy,* appellants directly claimed a violation of the Unfair Insurance Practices Act. Count IV (in trespass) of the complaint in *Hardy* alleged the existence of unfair or deceptive acts or practices under the Unfair Insurance Practices Act and/or the Unfair Trade Practices and Consumer Protection Law. In the instant case, appellants have *indirectly* claimed a violation of the Unfair Insurance Practices Act by presenting the Unfair Insurance Practices Act violation as the foundation for appellant's direct claim, a violation of the Unfair Trade Practices and Consumer Protection Law, set forth in Count III of appel-

lant's complaint. Logically, in order to determine whether appellee violated the Unfair Trade Practices and Consumer Protection Law by violating the Unfair Insurance Practices Act, it must first be determined whether appellee, in fact, violated the Unfair Insurance Practices Act. As we have stated, that initial step is not within the authority of this Court to decide. Accordingly, we find that whether raised as a primary contention, as in *Hardy*, or as a secondary claim set forth as the basis of another claim, as in the instant case, an alleged violation of the Unfair Insurance Practices Act cannot and will not be entertained by this Court.

## C.

As her primary argument, appellant contends that "the instant defendant violated the principles of the Unfair Insurance Practices Act, and, in so doing, violated the Unfair Trade Practices and Consumer Protection Law." (Appellant's brief at 8) (statutory citation omitted). Appellant argues that appellee negligently breached the contract existing between the parties and was therefore guilty of misfeasance. Appellant claims that such misfeasance was willful and wanton, that such breach of contract may give rise to an actionable tort, and that punitive damages are therefore applicable.

On its face, this is a tenable argument pursuant to our holding in *Pekular, supra*. In *Pekular*, appellants attempted to maintain a cause of action under the Unfair Trade Practices and Consumer Protection Law when the allegations in his complaint fell within the purview of the acts and practices prohibited by the Unfair Insurance Practices Act. This Court ruled that an insured could seek compensation in a common law action for damages incurred as a result of unscrupulous conduct which was also under the provisions of the Unfair Trade Practices and Consumer Protection Law, stating that "the limited penalties of the [Unfair Insurance Practices Act] do not represent the sole and exclusive deterrent to alleged unfair or deceptive acts

of insurers and their agents." 355 Pa.Superior Ct. at 290, 513 A.2d at 434. It follows that a separate action could likewise be maintained under the Unfair Trade Practices and Consumer Protection Law providing that appellee's alleged "misrepresentation" rises to the level of an unfair or deceptive act or practice as defined under 73 P.S. § 201–2(4) of that law. We agree with the trial court that appellant has failed to properly set forth a violation of the Unfair Trade Practices and Consumer Protection Law, in that respect.

Appellant argues that appellee negligently breached the contract that existed between the parties, and that this action constitutes misfeasance. Arguably, a liberal construction of "misfeasance" might bring appellant's claim within the purview of the Unfair Trade Practices and Consumer Protection Law, should the court find that misfeasance in fact existed. Here, however, the trial court found that appellant had actually alleged nonfeasance rather than misfeasance, and we agree.

■ The only act alleged by appellant in this case was the refusal of appellee to pay benefits to which appellant felt entitled. As this Court stated in *Raab v. Keystone Ins. Co.*, 271 Pa.Super. 185, 412 A.2d 638 (1979) *appeal dismissed*, 496 Pa. 414, 437 A.2d 941 (1981):

> The test used to determine if there exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contracted obligation (misfeasance) rather than the mere failure to perform (nonfeasance).
>
>     \*    \*    \*    \*    \*    \*
>
> Plaintiffs allege that defendant's negligence is grounded in their 'failure' to take certain actions in the handling of plaintiff's claim. Our examination of this alleged conduct indicates that it is in the nature of 'nonfeasance' inasmuch as it is the 'omitting to do, or not doing something which ought to be done.'

271 Pa.Superior Ct. at 187–188, 412 A.2d at 639 (citations omitted). The alleged improper refusal to act on appellee's

part in this instance does not constitute actionable misfeasance. Nonfeasance alone is not sufficient to raise a claim pursuant to the Unfair Trade Practices and Consumer Protection Law. Thus, appellant's claim must fail.

## CONCLUSION

The sole claim before us on appeal is whether the trial court erred in dismissing appellant's claim that appellee violated the Unfair Trade Practices and Consumer Protection Law. After a thorough review of the record and arguments presented, including a liberal construction of appellant's claim on appeal, we find no merit in the contention and affirm the order of the trial court.

ORDER AFFIRMED.