572 A.2d 758

**George K. MOY and Carol Rosen Moy, His Wife, on Behalf of Themselves and all Others Similarly Situated, Appellant,**

**v.**

**SCHREIBER DEED SECURITY CO., a Pennsylvania Corporation and Marvin Schreiber an Individual, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1989.

Filed March 30, 1990.

Petition for Allowance of Appeal
Denied Aug. 14, 1990.

Barbara Cymerman, Pittsburgh, for appellants.

William A. Stewart, III, Pittsburgh, for Schreiber Deed Sec., appellee.

James A. Buddie, Pittsburgh, for Marvin Schreiber, appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

DEL SOLE, Judge:

George and Carol Moy, Appellants, filed this civil action as a class action suit against Schreiber Deed Security Co. [Schreiber Deed], and Marvin Schreiber individually. Appellants claimed that when conducting settlements for real estate purchase closings, Schreiber Deed charged a settlement fee and a disbursement fee in addition to the premium

for the title insurance in violation of the Title Insurance Companies Act [Act] and the Unfair Trade Practices and Consumer Protection Law [CPL]. Class certification was granted for all purchasers of title insurance from Schreiber Deed during the period from February 4, 1981 to the date of final judgment.

The case was tried non-jury and the court rendered a verdict in favor of both defendants. After post-verdict motions, the trial court held that the verdict was not against the weight of the law or the evidence, and that the case should be dismissed for lack of subject matter jurisdiction.

After commencement of the trial, Schreiber Deed raised the question of subject matter jurisdiction, arguing that the insurance commissioner had exclusive jurisdiction over this case, under 40 P.S.A. § 910–49. Section 910–49 provides in pertinent part that any person aggrieved by any action of the commissioner shall have the right to file a complaint with the commissioner and to have a hearing thereon before the commissioner. The trial court ruled that the class plaintiffs in this case were persons aggrieved by an action of the Commissioner, and this action consisted of approving Schreiber Deed's rate manual in which settlement and disbursement fees were authorized. The court concluded that the Moys were required to file their complaint with the insurance commission, and that they had failed to exhaust their administrative remedies. Therefore, it dismissed the case for lack of subject matter jurisdiction.

We will first discuss the issue of subject matter jurisdiction. On appeal the Moys base their claim for relief on violations of the Title Insurance Act,[1] and the Pennsylvania Consumer Protection Law. However, on closer inspection,

1. Appellants specifically rely on section 910–1(5) of the Act in which the word "fee" is defined. It is rather peculiar, at best, to base a claim for relief on a definition. Definitions do not contain prescriptions from which a plaintiff can derive a set of obligations or prohibitions, they merely define a word for use in those subsequent sections of the Act where the obligations of the title insurance companies, the insurance commissioner, and the agents are delineated. Appellants do not discuss any other section of the Act, so it is therefore unclear which section of the Act Schreiber Deed allegedly violated.

it is clear that the Moys are essentially arguing that a violation of the Title Insurance Act provides a basis for a successful claim under the CPL. It appears that they have decided not to press, on appeal, any claims based on misrepresentations made by Schreiber to the Moys concerning the purpose of the settlement and disbursement fees, which may constitute unfair or deceptive acts independently violative of the CPL. Instead, they have insisted that just as an insured may maintain a cause of action under the CPL for violations of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, 40 P.S. § 1171.2, the insured may maintain a cause of action under the CPL for violations of the Title Insurance Act. *See, Pekular v. Eich,* 355 Pa.Super. 276, 513 A.2d 427 (1986).

We agree that a violation of the Title Insurance Act may, without more, provide a basis for a claim for relief under the CPL. Although, we know of no cases in which such a claim has been made, Pennsylvania courts have repeatedly held that violation of other statutes may also be violations of the CPL. *Id.,* citing *inter alia, Culbreth v. Lawrence J. Miller, Inc.,* 328 Pa.Super. 374, 477 A.2d 491 (1984) (regulation of public adjusters and their contracts possible under both the CPL and the Public Adjuster Law); *Pennsylvania Bankers Association v. Commonwealth, Bureau of Consumer Protection,* 58 Pa.Commw. 170, 427 A.2d 730 (1981) (regulation of banks possible under both the CPL and the Banking Code).

We hold that Appellant's allegations concerning Schreiber's violations of the Title Insurance Act in unlawfully charging settlement and disbursement fees, if proved, may also be violations of the CPL. However, this finding does not necessarily imply that the question of the violation of the Title Insurance Act is properly before the court.

We have held that a cause of action initiated under the Unfair Insurance Practices Act is not an action properly within the court's jurisdiction, and that the provisions of that Act are enforced by the Insurance Commissioner.

*Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 529 A.2d 471 (1987). Further, in a recent case, *Gordon v. Pennsylvania Blue Shield,* 378 Pa.Super. 256, 548 A.2d 600 (1988) this court held that if, logically, in order to determine whether Appellee violated the CPL, it must first be determined whether Appellee violated the Unfair Insurance Practices Act, then since that initial determination is not within the authority of a court to decide, it is not within the authority of a court to entertain a claim under the CPL. In other words, whether violation of the Unfair Insurance Practices Act is raised as a primary claim, as in *Hardy,* or as a secondary claim as in *Gordon,* an alleged violation of the Unfair Insurance Practices Act will not be entertained by the court.

In this case, the Moys are claiming a violation of the CPL, which is based on a violation of the Title Insurance Act. This claim is equivalent to that which was pressed in *Gordon,* except that the underlying violation is a violation of the Title Insurance Act. Moreover, neither the Title Insurance Act, nor the Unfair Insurance Practices Act provides a private right of action for the insured, and instead its statutory provisions give individuals or classes of individuals the right to file a complaint with the commissioner and have a hearing before the commissioner. Furthermore, the Unfair Insurance Practices Act and the Title Insurance Act use identical language in their respective statutory provisions. They both state that, "any ... person aggrieved by an action of the Commissioner ... shall have the right to file a complaint with the Commissioner and to have a hearing thereon with the Commissioner. *Compare,* P.S.A. 40 § 910–49(a), Title Insurance Act, and P.S.A. 40 § 1197(a), Unfair Insurance Practices Act.

Therefore, we hold that the same reasoning applied in *Gordon* concerning the Unfair Insurance Practices Act and the CPL applies with equal force to the case before us concerning violations of the Title Insurance Act and the CPL. We will not entertain such a claim for the violation of

the CPL and the Title Insurance Act prior to Appellant's presenting their grievance before the Commissioner.

■ Appellants claim that they are not aggrieved by any act of the Commissioner. Instead, they claim they are aggrieved by the actions of a specific title insurance agent which charged them certain fees. However, the Commissioner approved these fees when she approved the rate manual. Every title insurance company is required to file, with the Commissioner, its manual of classifications, rules, plans, *schedules of fees*, commissions payable to applicants for title insurance, etc., P.A.S. 40 § 910–37. Schreiber Deed, as an agent of a title insurance company, was required to comply with this rate manual. P.A.S. 40 § 910–37(h). At all times relevant to this class action, Schreiber Deed Security Company was a licensed agent of First American Title Insurance Company or Commonwealth Land Title Insurance Company. Both companies had identical language in their manuals allowing Schreiber Deed to levy a disbursement fee on the seller of real estate, and a settlement fee for real estate closings outside the title insurance company's office. At all relevant times, these manuals had been approved by the Commissioner, and therefore Appellants are aggrieved by the act of the Commissioner authorizing such fees, and allowing Schreiber Deed to charge such fees. Because the Appellants are "aggrieved by an action of the Commissioner," they must first raise their grievance before the Commissioner, according her the first opportunity to apply her expertise. *Taylor v. Commonwealth of Pennsylvania Insurance Department*, 86 Pa.Commw. 486, 485 A.2d 1228 (1984).

We therefore affirm the trial court's holding that the Appellants should have brought their case to the Insurance Commissioner pursuant to 40 P.A.S. § 910–49. We will not reach the merits of this appeal since we find the court correctly decided the issue of suject matter jurisdiction.

Order affirmed.