**Carmen M. SMITH Plaintiff**

v.

**AMERICAN EQUITY INSURANCE CO., Defendant**

**No. CIV.A.00–6347.**

United States District Court, E.D. Pennsylvania.

Aug. 16, 2002.

Aaron S. Friedmann, Clearfield and Feinman, Philadelphia, PA, for Plaintiff.

S. David Fineman, Michael F. Frisbie, Fineman & Bach, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM / ORDER

POLLAK, District Judge.

On September 28, 2000, plaintiff Carmen M. Smith filed a praecipe to issue writ of summons in the Court of Common Pleas for Philadelphia County. Ms. Smith's complaint, filed in that court on November 28, 2000, asserted causes of action against defendant American Equity Insurance Co. ("American Equity") arising out of a failure by American Equity to pay homeowner's insurance claims that she had filed. The complaint stated two causes of action: one for breach of contract, and one for unfair and deceptive business practices in violation of 73 Pa.C.S.A. § 201–1. On December 14, 2000, the defendant filed a notice of removal, asserting that federal jurisdiction existed under 28 U.S.C. § 1332.[1]

After a contentious period of discovery, in which this court was obliged at one point to compel the plaintiff to respond to discovery requests, American Equity filed a motion for summary judgment on January 7, 2002. (Docket #12). The next item on the docket sheet is a document filed on February 12, 2002, by the defendant entitled "Reply to Plaintiff's Reply to Defendant's motion for summary judgment" (Docket #13). Although the discussion in that document establishes that the plaintiff composed a response to the motion for summary judgment, that response has never been filed with this court, despite repeated and persistent inquiries by chambers staff. In the absence of a timely response, this court will rule on

---

1. The complaint requests total damages of $100,000. The defendant asserts that the plaintiff is a citizen of Pennsylvania and that the defendant corporation has its principal place of business in Arizona and is a citizen of that state.

the summary judgment motion according to the standard of Fed.R.Civ.P. 56(c). *See* E.D. Pa. Rule 7.1. According to Rule 56, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on files, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

### Count I—Breach of Contract

■ American Equity's motion for summary judgment asserts that plaintiff's first claim is time-barred. Paragraph 8 of the "Conditions" section of the insurance policy at issue in this case states:

> **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of the loss.

Contractual limitations on actions which are shorter than an applicable statute of limitations are valid under Pennsylvania law so long as they are not manifestly unreasonable. *See* 42 Pa.C.S.A. § 5501(a)[2]; *Bostick v. ITT Hartford Group, Inc.*, 56 F.Supp.2d 580, 585–86 (E.D.Pa.1999) (applying one-year contractual period of limitation in homeowner's insurance case) (Reed, J.). The plaintiff has not suggested that the one-year period specified in her policy is unreasonable in any way.

■ Paragraph 8 appears to this court to bar the plaintiff's claim. The complaint asserts that "On or about August 23, 1999 . . . [plaintiff] suffered damage to her home from which Defendant received due and timely notice." But Ms. Smith does not appear to have initiated legal action until more than one year later, by filing

her praecipe for writ of summons on September 28, 2000. Ms. Smith not having provided a substantive response, the court accepts the foregoing chronology as correct, and will therefore grant summary judgment for the defendant on the breach of contract claim. *See* Fed.R.Civ.P. 56(c).

### Count II—Unfair Business Practices

■ American Equity moves for summary judgment on Ms. Smith's unfair business practices claim on the ground that she fails to allege that American Equity is guilty of malfeasance. As pointed out by American Equity, the Third Circuit has held that:

> In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, et seq., and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable. *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 264, 548 A.2d 600, 604 (1988). *See Raab v. Keystone Ins. Co.*, 271 Pa.Super. 185, 187–88, 412 A.2d 638, 639 (1979).

*Horowitz v. Federal Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir.1995) (rejecting claim that insurer's denial letter constituted unfair trade practice and bad faith dealing by leading plaintiff to believe that she had no hope of recovery).

Several paragraphs of Ms. Smith's complaint might suggest that her claim is limited to American Equity's failure to pay her insurance claim. *See* ¶ 6 (asserting the defendant "failed to timely pay . . .

**2.** "An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless in the case of an action or proceeding a different time is provided by this title or another statute, or in the case of a civil action or proceeding, a shorter time which is not manifestly unreasonable is prescribed by written agreement."

elements of damage which are due"); ¶ 9 ("[i]n failing to make payments . . . failed to abide by the terms of its policy"). Paragraph 10, however, asserts that American Equity "engaged in fraudulent conduct which created a likelihood of confusion of misunderstanding." This allegation might support a claim of malfeasance. But Ms. Smith has done nothing to support it with affidavits or other documents so as to establish that there is a genuine issue of material fact requiring a trial. The only evidence before the court on this issue is the denial letter issued by American Equity on September 24, 1999 (attached as Exhibit E to American Equity's summary judgment motion). That letter, written by an American Equity claims adjuster, discloses a facially reasonable basis for rejecting Ms. Smith's claim. It states that the adjuster inspected Ms. Smith's house and determined that the water damage for which she sought coverage was the result of "severe decay and a long term deferred maintenance on roof repairs." It then explains:

> In order to be covered for interior water damage to your dwelling, there must be a physical opening in the exterior of the dwelling caused by the force of the wind, during the policy period. The water must enter through the physical opening. In this instant matter, there was no indication of any windstorm damage to the property. It was this adjuster's opinion that the water damage inside your dwelling has been occurring over a long period of time and certainly had been occurring prior to the inception of this policy. As there was no windstorm damage, I must advise you that no claim payment can be made in this matter.

Rule 56(e) states that the party opposing summary judgment "may not rest upon the mere allegations or denials of [her] pleading." Instead, "by affidavits or as otherwise provided in [Rule 56], [she] must

set forth specific facts showing that there is a genuine issue for trial." *Id.* Ms. Smith has failed to do so. Accordingly, the court finds that summary judgment is appropriate for the defendant on plaintiff's unfair business practices claim.

## Conclusion

For the foregoing reasons, it is hereby ORDERED that summary judgment is GRANTED for defendant.