486 A.2d 498

Rex A. FRAVEL, Harold L. Fravel & Shirley J. Fravel

v.

SUZUKI MOTOR CO., LTD. and U.S. Suzuki Motor Corp. and Thomas Krouse, Individually and Trading as Krouse Sport City and Evelyn J. Lehman.

Superior Court of Pennsylvania.

Argued Aug. 16, 1984.

Filed Dec. 21, 1984.

Stephen M. Feldman, Philadelphia, for appellants.

Scott Millhouse, Pittsburgh, for appellees.

Before WICKERSHAM, JOHNSON and WATKINS, JJ.

WICKERSHAM, Judge:

In this case, plaintiffs/appellants Rex, Harold, and Shirley Fravel appeal from the order of the Court of Common Pleas of Lycoming County sustaining the preliminary objections filed by Suzuki Motor Co., Ltd. and U.S. Suzuki Motor Corporation (hereinafter referred to collectively as "Suzuki") and dismissing plaintiffs' complaint as against those two defendants. We reverse.

The complaint alleges that Rex Fravel suffered permanent quadriplegia when the 1980 Suzuki motorcycle he was operating collided with an automobile operated by additional

defendant Evelyn J. Lehman. The nineteen year old Fravel had been traveling west on Allegheny Street in Jersey Shore, Pennsylvania when he was struck by Ms. Lehman's car, which had been proceeding in an easterly direction on the same street. Appellants allege that Ms. Lehman made a left turn onto a cross street, in front of Fravel's on-coming motorcycle.

Plaintiffs'/appellants' complaint sets forth two theories of liability against the two Suzuki companies, which manufactured and distributed the motorcycle that Fravel was riding on the day of the collision. Appellants' first theory is based on strict liability for the sale of a defective product under *Restatement (Second) of Torts* § 402A. Appellants allege that the motorcycle was sold in a dangerous and defective condition in that it was not sufficiently visible to the operators of vehicles coming in the opposite direction, it lacked the safety devices necessary to increase its conspicuousness, and it was not accompanied by adequate warnings or directions. Appellants' second theory of liability is based on the negligence of Suzuki. Specifically, appellants allege that despite the fact that Suzuki knew or should have known that the motorcycle was unreasonably dangerous in that it was not sufficiently visible to operators of vehicles coming in the opposite direction, Suzuki failed to use due care to add such safety devices as would reasonably increase its conspicuousness and failed to use due care to warn the users of the facts that made it dangerous or of the steps that could be taken to lessen or avoid the danger.

Suzuki filed preliminary objections in the nature of a demurrer on the ground that appellants' complaint failed to state a cause of action upon which relief could be granted. On January 6, 1984, the Honorable Robert J. Wollet sustained Suzuki's preliminary objections and dismissed appellants' complaint as to the two Suzuki companies.[1] The

---

1. The other defendant, Thomas Krouse, individually and trading as Krouse Sport City, is the retailer of the motorcycle. He is not a party to this appeal, nor is the additional defendant, Evelyn Lehman.

lower court also refused appellants' request for leave to amend their complaint. This appeal timely followed.

Appellants argue that their complaint states valid causes of action in both strict liability and negligence, and therefore the lower court erred in granting appellees' preliminary objections.[2] Our scope of review in cases sustaining preliminary objections in the nature of a demurrer is well established.

In considering preliminary objections in the nature of a demurrer, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 503–504, 267 A.2d 867, 868 (1970). A demurrer admits every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Sinn v. Burd*, 486 Pa. 146, 149–150, 404 A.2d 672, 673– 674 (1979); *Gekas v. Shapp*, 469 Pa. 1, 5, 364 A.2d 691, 693 (1976); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 37 (1982). The law does not provide a "magic formula" to determine the sufficiency of a plaintiff's complaint, however, the law *is* clear that a demurrer can only be sustained in a case free from doubt. *Hoffman v. Misercordia [sic] Hospital of Phila-*

2. Appellants state the issues as follows:
1. Was it not error to grant the demurrer of the defendant motorcycle manufacturer in this product liability action where the complaint alleges that the motorcycle was sold in a dangerous and defective condition in that it was not sufficiently visible to operators of vehicles coming in the opposite direction, that it lacked the safety devices necessary to increase its conspicuousness and that it was not accompanied by adequate warnings or directions?
2. Was it not error to grant the demurrer of the defendant motorcycle manufacturer in this product liability action where the complaint alleges that despite the fact that defendants knew or should have known that the motorcycle was unreasonably dangerous in that it was not sufficiently visible to operators of vehicles coming in the opposite direction, defendants failed to use due care to add such safety devices as would reasonably increase its conspicuousness and failed to use due care to warn the users of the facts that made it dangerous or of steps that could be taken to lessen or avoid the danger?
Brief for Appellants at 3.

*delphia, supra; Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. at 500, 450 A.2d at 38; *Pike County Hotels, Corp. v. Kiefer,* 262 Pa.Super. 126, 135, 396 A.2d 677, 681 (1978).

*Bartanus v. Lis,* 332 Pa.Super. 48, 52–53, 480 A.2d 1178, 1180 (1984).

In accordance with the aforesaid, we must examine the factual allegations of the complaint to determine whether appellants stated a valid cause of action against Suzuki. The lower court stated that the issue in the instant case was "whether the motorcycle's alleged inconspicuity is an *inherent* danger or whether it is an unreasona[bl]e danger, which could be reduced through devices or warnings." Lower ct. op. at 3 (emphasis in original). In response to this question, the court stated:

> [T]he Court is confident in taking judicial notice of the fact that motorcycles are, by design, limited in size and, therefore, inconspicuous. Moreover, we conclude that it is indisputable that such inconspicuity is obvious to the consumer or user of a motorcycle.... [W]e conclude that the complaint fails to allege a valid cause of action. The Court finds that a motorcycle's inconspicuity results from its very function and purpose, and is, consequently, an inherent danger rather than an unreasonable danger which could be reduced by the designer or manufacturer. *See Pegg v. General Motors Corp.,* 258 Pa.Superior Ct. 59, 391 A.2d 1074 (1978). The product involved here is, by its very nature, unsafe but not defective. *Berkebile v. Brantly Helicopter Corp.,* 426 Pa. 83, 337 A.2d 893 (1975); Restatement (Second) of Torts, Section 402A, Comment i.

Lower ct. op. at 5–6.

Thus, the lower court's ultimate conclusion was that while the inconspicuity of the motorcycle rendered it unsafe, this inconspicuity was an inherent danger and thus could not be classified as a defect under section 402A. In support of this finding, the lower court cites Comment i to section 402A. Comment i explains that:

[t]he rule stated in [Section 402A] applies only where the defective condition of the product makes it unreasonably dangerous to the user or consumer. Many products cannot possibly be made entirely safe for all consumption, and any food or drug necessarily involves some risk of harm, if only from over-consumption. Ordinary sugar is a deadly poison to diabetics, and castor oil found use under Mussolini as an instrument of torture. That is not what is meant by "unreasonably dangerous" in this Section. The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.

*Restatement (Second) of Torts,* § 402A comment i. Obviously, the lower court decided that the motorcycle was not "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it." We are not convinced, however, that comment i is applicable to the instant case. In *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975), the Pennsylvania Supreme Court noted that the drafters of the comments to section 402A were particularly concerned with products that are ingested. Specifically, comment i states that "[m]any products cannot possibly be made entirely safe for all *consumption,* and any *food or drug* necessarily involves some risk of harm, if only from *over-consumption.*" *See id.,* 462 Pa. at 95 n. 5, 337 A.2d at 899 n. 5. Obviously, a motorcycle is not a product that can be ingested; thus, the applicability of comment i to the instant case is questionable.

Nevertheless, we need not specifically decide if comment i should be applied instantly. Rather, we base our decision on a factor which appears throughout a number of the comments to section 402A. That is, even assuming that a given product is inherently unsafe and that it cannot be made safe without interfering with its very nature and purpose, it is still incumbent upon the seller to give adequate warning of the danger. *See Restatement (Second) of*

*Torts*, § 402A comments h, j, k. This requirement was expounded upon in *Berkebile v. Brantly Helicopter Corp., supra.*

A "defective condition" is not limited to defects in design or manufacture. The seller must provide with the product every element necessary to make it safe for use. One such element may be warnings and/or instructions concerning use of the product. A seller must give such warning and instructions as are required to inform the user or consumer of the possible risks and inherent limitations of his product. Restatement (Second) of Torts § 402A, comment *h*. If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence.

"Comment *h* to the section [402–A] makes it clear that a product, as to which adequate warning of danger involved in its use is required, sold without such warning is in a 'defective condition.'" *Incollingo v. Ewing, et al.*, 444 Pa. 263, 287, 282 A.2d 206, 219 (1971).

*Berkebile, supra,* 462 Pa. at 100, 337 A.2d at 902.

Instantly, appellants' complaint alleges, *inter alia,* that Suzuki did not give adequate warning of the motorcycle's inconspicuity. The lower court, however, dismissed the complaint at the preliminary objection stage. We think this disposition was premature. The lower court could not decide whether the warnings provided by Suzuki were adequate on the basis of the existing pleadings alone. Appellants should have been permitted to present their evidence, or alternatively, to amend their complaint, in order to attempt to establish the inadequacy of Suzuki's warnings.[3]

---

3. We are quick to point out that, by this decision, we are in no way indicating our opinion as to the ultimate issue of Suzuki's liability to the appellants. Rather, we simply find that appellants' complaint does indeed state a cause of action in strict liability.

We also want to stress that we do not hold that the issue of Suzuki's liability must necessarily be submitted to the jury. We recognize that a determination of whether recovery would be justified under plaintiff's averments of fact is a judicial function. *Azzarello v. Black Brothers Co., Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978). However, under

On remand, appellants should also be given an opportunity to establish their claim that the motorcycle lacked the safety devices that could have increased its conspicuity.

■ The lower court found that both appellants' strict liability claim and their negligence claim must fail because the motorcycle's inconspicuity was an inherent danger that could not be classified as a defect. As the foregoing discussion indicates, we find this conclusion to be invalid with regard to appellants' negligence claim. Appellants' complaint averred that, despite the fact that Suzuki knew or should have known about the inconspicuity of the motorcycle, the companies failed to use due care to add necessary safety devices and to warn users of the potential danger. The lower court held that the motorcycle could not be made safer without destroying its purpose. As we have already noted, this is not necessarily true. Suzuki had a duty to exercise due care in warning users about dangerous propensities of the motorcycle. Thus, if appellants can prove that Suzuki failed to exercise due care with regard to the production, marketing, and/or sale of the motorcycle in question, as well as the other requisite elements of a negligence claim, Suzuki may be held liable to appellants. Thus, appellants should have been permitted to amend their complaint or to present evidence in support of their negligence claim.

We find that the lower court's dismissal of appellants' complaint was premature.

Order reversed and appellants' complaint is reinstated. Case remanded to the lower court for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

the specific facts of this case, the lower court abused its discretion in dismissing the complaint without allowing appellants to present their evidence, or at the very least, to amend their complaint.

We recognize that the lower court refused to allow appellants to amend their complaint on the ground that allowance of an amendment would be a futile exercise. *Carlino v. Whitpain Investors*, 499 Pa. 498, 453 A.2d 1385 (1982). Pursuant to the lower court's conclusion and disposition of the case, we agree that an amendment would have been futile. However, we find that the lower court's conclusion was incorrect and that an amendment would not necessarily be futile.