564 A.2d 1036

Robert J. SNYDER, Jr.,

v.

CITY OF PHILADELPHIA, Pennsylvania Chiefs of Police Association, Colt Industries, Firearms Division and Smith and Wesson.

Appeal of Lamar J. SLEMMER et al.

Lamar J. SLEMMER

v.

CITY OF PHILADELPHIA, Pennsylvania Chiefs of Police Association, Colt Industries, Firearms Division, Smith and Wesson, Remington Arms Company Inc. and Sturm–Ruger and Company.

Appeal of Lamar J. SLEMMER et al.

Thomas MILLS

v.

CITY OF PHILADELPHIA, Pennsylvania Chiefs of Police Association, Colt Industries, Firearms Division and Smith and Wesson, Remington Arms Company, Inc., Sturm–Ruger and Company.

Appeal of Lamar J. SLEMMER et al.

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Oct. 2, 1989.

Reargument Denied Dec. 12, 1989.

90

Thomas B. Grier, Fine and Staud, Philadelphia, for appellants.

Anne G. Kimball and James P. Door, of counsel, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Joan A. Yue, Pepper, Hamilton & Scheetz, Audrey L. Jacobsen, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, for appellees.

Ellen Brown Furman, Goldfein & Josephs, Philadelphia, for Colt Industries.

Ralph G. Wellington, Schnader, Harrison, Segal & Lewis, Philadelphia, for Smith and Wesson.

Robert St. Leger Goggin, Audrey L. Jacobsen, Charles W. Craven, Philadelphia, for Remington Arms Co.

Thomas D. Caldwell, Jr., Caldwell & Kearns, Harrisburg, for Pa. Chiefs of Police Ass'n.

Joan A. Yue, Philadelphia, for Sturm–Ruger and Co.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

LaMar Slemmer, Robert Snyder and Thomas Mills (police officers) appeal a Philadelphia County Common Pleas Court order sustaining preliminary objections filed by certain gun manufacturers [1] to their strict liability and negligence complaints.[2] We reverse and remand.

Police officers are Bristol Township policemen who attended handgun and firearm proficiency classes conducted by the City of Philadelphia and the Pennsylvania Chiefs of Police Association from 1963 through 1976. While participating in these mandatory training sessions, the police officers used the manufacturers' handguns and were re-

---

**1.** The manufacturers named in the complaint are Colt Industries, Smith and Wesson, Remington Arms Company, and Sturm–Ruger and Company. Neither Remington Arms nor Sturm–Ruger are parties in the suit brought by appellant Robert J. Snyder.

**2.** At the stipulation of the parties, the common pleas court consolidated the police officers' complaints and amended complaint (hereinafter referred to as complaint). Order, August 11, 1988. The police officers' subsequent appeal to the Superior Court was then transferred to this Court. The police officers' complaint also names the City of Philadelphia and the Pennsylvania Chiefs of Police Association as negligent for not providing sound-protecting headgear. Because the City and the Police Association entered notices of non-participation, the common pleas court dismissed the complaint only as to the manufacturers. Thus, this Court has retained jurisdiction.

peatedly exposed to "intense noise resulting from gun-fire."[3] The police officers allege that they suffered permanent high frequency hearing loss because they were not provided with protective hearing devices while participating in these training sessions. Their amended complaint alleges that the manufacturers are strictly liable for distributing a defective product[4] and negligent in failing to warn of the firearms' propensity to cause hearing loss.

The common pleas court sustained the manufacturers' demurrer, holding that the police officers had failed to state a cause of action in either strict liability or neligence.

The police officers contend that the common pleas court erred in concluding as a matter of law that the handguns' propensity to cause hearing loss was common knowledge. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975) (where strict liability was alleged due to inadequate manufacturer's warning, adequacy of warning was question for jury). Police officers argue that they should be permitted to demonstrate that, in the absence of manufacturers' warnings, it was not obvious or commonly known that long-term, intermittent exposure to gunfire noise without use of protective devices could result in high frequency hearing loss.

 Preliminary objections in the nature of a demurrer will be sustained only where the averred facts clearly fail to state a claim under any theory of law. A demurrer admits as true all well-pleaded material facts and all inferences reasonably deducible, but not conclusions of law. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402

**3.** Police officers' amended complaint, para. 21.

**4.** Section 402A of the Restatement (Second) of Torts, adopted by the Supreme Court in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), addresses the seller's liability for defective products. It reads in part:

§ 402 A. **Special Liability of Seller of Product for Physical Harm to User or Consumer**

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property....

(1985). A demurrer may not be sustained unless the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970).

■ In products liability cases alleging strict liability, the plaintiff must establish that the product causing the injury was defective and that the injuries sustained were proximately caused by the product's defect. *Sherk v. Daisy–Heddon*, 498 Pa. 594, 450 A.2d 615 (1982). Although inadequate warnings as to a product's dangerous propensity may be sufficient to render that product defective, inadequate warnings will not be considered the injury's proximate cause where "the potentiality of that danger is generally known and recognized." 462 Pa. at 103, 337 A.2d at 903. The Court's function is to decide only whether the factual averments could justify recovery under the applicable law. *Azzarello v. Black Brothers Co.*, 480 Pa. 547, 391 A.2d 1020 (1978).

■ Thus, in this case, we must decide if the trial court erred in concluding that, as a matter of law, the handguns' propensity to cause hearing loss was obvious or generally recognizable. *Berkebile.*

Here, the police officers' complaint alleges they were exposed to "intense noise" resulting from the gunfire. Absent, however, is any allegation that the gunfire noise caused immediate physical pain or discomfort. Because intense noise by itself, though unpleasant, is not necessarily painful or harmful, we cannot assume from the averred facts that the police officers experienced auditory sensations that would make obvious the possibility of permanent hearing loss. Thus, the trial court could not conclude as a matter of law that hearing loss due to intermittent long-term exposure to gunfire noise was an obvious or generally recognizable danger. Rather, it is conceivable that further discovery will disclose that the risk of hearing loss from incidental gunfire noise was not obvious but latent.

 The lack of adequate warnings and instructions as to a product's latent risks and inherent limitations may constitute a defect of that product. *Berkebile.* When inadequate warnings are alleged to constitute the defective condition, the product must be found to be "unreasonably dangerous." *Azzarello*, 480 Pa. at 555, 391 A.2d at 1024. A product is considered *unreasonably* dangerous where the danger is "latent or not apparent to the consumer or user of the product." *Ellis v. Chicago Bridge and Iron Co.*, 376 Pa. Superior Ct. 220, 236, 545 A.2d 906, 914 (1988). Thus, because we conclude that the police officers have stated a cause of action in strict liability, they should be allowed to present evidence establishing that the risk of hearing loss was not generally known. *Fravel v. Suzuki Motor Co.*, 337 Pa. Superior Ct. 97, 486 A.2d 498 (1984).

 The police officers' complaint also alleges that the manufacturers were negligent. Specifically, they aver that, despite the fact that manufacturers knew or should have known about the handguns' dangerous propensity to cause hearing loss, they failed to use due care in providing warnings of any type.

In warning cases, there is some apparent confusion over the difference between strict liability and negligence theories.[5] In practical terms, one commentator has noted that "in strict liability the manufacturer's knowledge of the product's inherent danger is assumed, while in negligence such knowledge must be proved." Callaghan, *Modern Tort Law* § 27.37. In negligence, the duty to warn is but another aspect of the manufacturer's duty to exercise due care and a manufacturer must warn of a product's dangerous propensity of which it has knowledge. Hence, the manufacturers may owe consumers a duty to exercise reasonable care by providing warnings as to the handguns' proper use in order to make them reasonably safe. Thus,

---

5. One court has observed that strict liability is regarded as "product-oriented," while negligence is considered "conduct-oriented." *Freund v. Cellofilm Properties, Inc.*, 87 N.J. 229, 432 A.2d 925 (1981).

police officers have also stated a cause of action in negligence. *Fravel.*

Accordingly, the common pleas court order sustaining the manufacturers' preliminary objections and dismissing the police officers' complaint in strict liability and negligence is reversed.[6] The police officers' complaint is reinstated, and the case is remanded to the lower court for proceedings consistent with this opinion.

## ORDER

### No. 125 C.D. 1989

The Philadelphia County Common Pleas Court order, No. 4693 November Term 1986, dated August 11, 1988, is reversed. Robert J. Snyder, Jr.'s complaint is reinstated. This case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

## ORDER

### No. 126 C.D. 1989

The Philadelphia County Common Pleas Court order, No. 1448 July Term 1987, dated August 11, 1988, is reversed. LaMar J. Slemmer's amended complaint is reinstated. This case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

## ORDER

### No. 127 C.D. 1989

The Philadelphia County Common Pleas Court order, No. 1396 March Term 1988, dated August 11, 1988, is reversed.

6. Counts IV and V of the police officers' amended complaint against the manufacturers also alleged breach of express or implied warranties and requested punitive damages. The common pleas court dismissed the complaint on all counts without addressing these specific allegations. We note that because the police officers' brief does not set forth these issues in their statement of questions presented, they are waived pursuant to Pa. R.A.P. 2116(a). *Huffman v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 49, 555 A.2d 287 (1989).

Thomas D. Mills' complaint is reinstated. This case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.