## Casey v. Pennsylvania-American Water Co.

*John Bitonti,* for plaintiffs.
*Scott W. Stephan,* for defendant Pennsylvania-American Water Company.

*Daniel Garfold,* for defendant Ferri Contracting Co.

*Robert D. Beck,* for defendant Engelhardt-Power and Associates Inc.

TERPUTAC, *J.,* October 24, 1990—This matter is before the court on preliminary objections of two of the defendants. In their complaint, plaintiffs, John Casey and Geneva Casey, his wife, have alleged that on or about October 21, 1988, they executed and delivered a deed of easement and right of way to one of the defendants, Western Pennsylvania Water Company, now Pennsylvania-American Water Company, granting to the company a right of way 20 feet wide along the southerly side of their property. Plaintiffs' property is located at 126 Main Street in the Atlas Mine Plan, Smith Township, Washington County. They have further alleged that the water company employed another defendant, Engelhardt-Power & Associates Inc., to survey plaintiffs' property and design a plan for the construction and installation of a drainage line. The excavating contractor was Ferri Contracting Company, another defendant. Contending that defendants were negligent, plaintiffs say the improper excavation and installation of the drainage line through the right of way caused water to seep into the basement of plaintiffs' house and resulted in damages enumerated in paragraph 17 of the complaint.

Among the various challenges to the complaint, the preliminary objections by Engelhardt-Power and by Ferri relate to the damages claimed in paragraph 17(a) of the complaint, which alleges as follows: "(a) They suffered severe emotional distress, embarrassment and humiliation, and inconvenience." The rest

of the allegations in paragraph 17 refer to property damages to the house.

Engelhardt-Power has filed preliminary objections in the nature of a motion to strike, alleging that the damages asserted in paragraph 17(a) are impertinent; and it has also filed preliminary objections in the nature of a demurrer, alleging that plaintiffs have failed to show any causal connection between the acts and the damages. Ferri's preliminary objections are a motion to strike and a demurrer, alleging improper damages in paragraph 17(a), and a motion for more specific pleading.

It is inconsistent for a party to demur to a pleading and at the same time to move for a more specific pleading. *Speck v. Finegold,* 268 Pa. Super. 342, 408 A.2d 496 (1979). Despite this lack of appropriate pleading, plaintiffs, having failed to interpose their own preliminary objections to the preliminary objections, have waived the issue. *Harkins v. Zamichieli,* 26 Pa. Super. 401, 405 A.2d 499 (1979). We shall consider the objections as stated.

## I

In its first objection, Engelhardt-Power says paragraph 17(a) should be stricken in its entirety. A motion to strike may be used to test an averment of damages on the grounds of impertinence. *Commonwealth v. Hartford Accident & Indemnity Co.,* 40 Pa. Commw. 133, 396 A.2d 885 (1979).

Paragraph 17(a) of the complaint avers damages for three kinds of harm: (1) emotional distress, (2) embarrassment and humiliation, and (3) inconvenience. During argument, defendants conceded that damages may be recoverable for inconvenience in a property damage claim, so long as the plaintiffs show interference with the peaceable possession of

their property. *Houston v. Texaco Inc.,* 371 Pa. Super. 399, 538 A.2d 502 (1988). Insofar as the objections refer to damages, we shall address the issues of emotional distress and of embarrassment and humiliation. Quite often these items are interrelated or at least the distinctions are not well defined. Sometimes, the appellate courts write about mental distress; at other times, about emotional distress and about embarrassment and humiliation. Although practical differences may be demonstrated in some instances, for the purposes of this case we believe no legal distinction exists.

Plaintiffs have made a claim arising out of property damage to their house caused by the negligence of the defendants. Ordinarily, Pennsylvania permits recovery for negligent infliction of emotional distress in cases where the emotional injury is accompanied with bodily impact, and in other cases may permit recovery when the plaintiff is subjected to apprehension of impact or where the plaintiff has seen bodily impact to another person, usually a close relative of the plaintiff. *Brooks v. Hickman,* 570 F. Supp. 619 (W.D. Pa. 1983).

Although no bodily injury has been averred, plaintiffs rely on *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970), and *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), for the proposition that they may recover damages for negligent infliction of emotional distress where the claim is predicated on property damage. The reliance is misplaced. In *Sinn,* the plaintiff sought recovery for physical and mental injuries when she saw her minor daughter struck and killed by an automobile, even though the plaintiff herself was not in the zone of physical danger. In *Niederman,* an automobile skidded onto a sidewalk, narrowly missing the plaintiff-father but striking his son who was standing near him. Even

though the plaintiff was not physically struck, he might recover damages for his own mental pain and physical injuries. These cases involve either apprehension of impact or bodily injury to another when seen by the plaintiff. Cf. *Knaub v. Gotwalt,* 422 Pa. 267, 220 A.2d 646 (1966). To recover, the plaintiff must ordinarily show that he or she was in the zone of danger and that he or she sustained emotional or mental injuries which were reasonably foreseeable to the defendant. The cases demonstrate the pronouncement of a public-policy decision based on humanitarianism and on the response of the judiciary to the current needs of justice. *Niederman.*

As we have indicated, the instant case is not a zone-of-danger case, nor is it a case concerning apprehension of bodily injury. Rather, it is a claim for traditional property damages to plaintiffs' house. No one has cited a case on point allowing recovery of damages for negligent infliction of emotional distress or for embarrassment and humiliation in this kind of situation. Indeed, the Commonwealth Court in *Gallagher v. Upper Darby Township,* 114 Pa. Commw. 463, 539 A.2d 463 (1988), denied recovery to the plaintiffs for mental suffering, where the claim for property damages arose out of sewage problems. This item of mental suffering seems to be allied to embarrassment and humiliation and to emotional distress. Improperly diagnosing a sewage problem is not the kind of situation in which mental suffering or emotional distress is particularly likely to result. In *Houston v. Texaco Inc.,* the plaintiffs brought an action against the service station owners and operators for negligent infliction of emotional distress. The water wells of the plaintiffs had been contaminated by gasoline leakage. The court said:

"In summary, the law of Pennsylvania does not recognize a cause of action for compensatory or punitive damages for negligently caused emotional distress in the absence of physical injury." 371 Pa. Super. at 1407, 538 A.2d at 506.

The preliminary objections in the nature of a motion to strike the claims for negligent infliction of emotional distress and for embarrassment and humiliation will be sustained.

In its demurrer, Engelhardt-Power contends that the complaint fails to aver a causal connection between the acts or omissions of defendant and the damages. In considering a demurrer, the question is whether on the facts averred the law says with certainty that no recovery is possible. *Fravel v. Suzuki Motor Co.,* 337 Pa. Super. 97, 486 A.2d 498 (1984). If there is any doubt whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to sustain it. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). Plaintiffs have alleged acts and omissions of defendant, generally and particularly. They have alleged that the negligent acts and carelessness resulted in specific kinds of damages in paragraph 17. Where a complaint has alleged that a surveyor for a housing development improperly performed his duties by laying plans for sewage and drainage lines causing drainage problems, the Superior Court held that the complaint stated a cause of action against the surveyor. *Wicks v. Milzoco Builders Inc.,* 291 Pa. Super. 345, 435 A.2d 1260 (1981). Because plaintiffs have pleaded facts showing negligence and averred in paragraph 17 that the negligent acts and carelessness resulted in specific kinds of damages, this preliminary objection will be ruled.

## II

In its compound motion to strike and to demur, the preliminary objections of Ferri pertain to improper damages asserted in paragraph 17(a). The claim for inconvenience will stand, but the claims for negligent infliction of emotional distress and for embarrassment and humiliation are improper, so that these preliminary objections will be sustained for the reasons set forth in Part I.

The next preliminary objection pertains to a motion for more specific pleading, addressing the allegations on construction plans, supervision of the work, and improper equipment. Reviewing the allegations in the complaint, we hold that it is sufficiently specific to apprise defendant of the nature of the claims and to allow it to prepare its defenses. This motion is not available as a tool to compel the opposing party to plead evidence. *Commonwealth, Milk Marketing Board v. Sunnybrook Dairies Inc.,* 29 Pa. Commw. 210, 370 A.2d 765 (1977). This objection will be overruled.

## ORDER

And now, October 24, 1990, after argument and consideration of the briefs, the court hereby orders, adjudges, and decrees as follows:

(1) As to Engelhardt-Power & Associates Inc., its preliminary objections in the nature of a motion to strike are sustained, except as to inconvenience, and the claims for negligent infliction of emotional distress and embarrassment and humiliation are stricken and dismissed. The preliminary objection in the nature of a demurrer is overruled.

(2) As to Ferri Contracting Company, its preliminary objections in the nature of a motion to strike the claims for negligent infliction of emotional dis-

tress and for embarrassment and. humiliation are sustained and the claims, except for inconvenience, are stricken and dismissed. All other preliminary objections are overruled.

(3) Defendants are given leave to file a responsive pleading within 30 days of this date.