624 A.2d 795

Frederick C. BROWN, Individually and T/A F.C. Brown and Associates; Pennsylvania Independent Petroleum Producers; Pennsylvania Vocational Agriculture Teachers Association; and Planned Parenthood Pennsylvania Advocates, Petitioners,

v.

COMMONWEALTH of Pennsylvania; Department of Revenue of the Commonwealth of Pennsylvania; Department of Justice, Office of Attorney General of the Commonwealth of Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided April 22, 1993.

198

James D. Campbell, Jr., for petitioners.

R. Douglas Sherman, Deputy Atty. Gen., for respondents.

Before COLINS and PELLEGRINI, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Before us in our original jurisdiction are the preliminary objections of the Commonwealth of Pennsylvania, the Department of Revenue, the Department of Justice, and the Attorney General (collectively, Respondents) to the Petition for Review of Frederick Brown, F.C. Brown and Associates, Pennsylvania Independent Petroleum Producers, Pennsylvania Vocational

Agriculture Teachers Association, and Planned Parenthood Pennsylvania Advocates (collectively, Petitioners).

Petitioners filed an action asking this Court to declare Section 201(k)(11) of the Tax Reform Code of 1971 (Code),[1] which was added by Act 22 of 1991 (Act 22),[2] unconstitutional as applied to them and to enjoin its enforcement. In Act 22, the General Assembly amended Section 201(k) of the Code, 72 P.S. § 7201(k), to extend Pennsylvania's 6% sales tax to lobbying services sold at retail.[3] Petitioners are all either professional lobbyists or are organizations that purchase lobbying services. They aver that imposing the 6% sales tax on lobbying services is unconstitutional for the following reasons: (1) Lobbying is a protected form of speech under the First and Fourteenth Amendments to the United States Constitution, and the sales tax on lobbying will infringe on the exercise of that speech by inhibiting Petitioners' right to petition the government for redress of grievances; (2) the sales tax has a chilling effect on the exercise of those First Amendment rights; (3) the Act 22 amendments to the Code violate Petitioners' right to equal protection under the law, since the sales tax is placed on the purchase of lobbying services but is not charged to lobbying services provided by salaried employees; and (4) the sales tax violates the free speech protections in Article I, Section 7 of the Pennsylvania Constitution, the right to petition the government as guaranteed by Article I, Section 20 of the Pennsylvania Constitution, and the uniformity provisions of Article VIII, Section I of the Pennsylvania Constitution.

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7201(k)(11). Petitioners also ask this Court to declare Sections 208 and 268 of the Code, 72 P.S. §§ 7208 and 7268, unconstitutional and enjoin their enforcement. Section 208 of the Code requires vendors selling lobbying services at retail to obtain licenses authorizing them to collect the tax. Section 268 of the Code imposes criminal penalties for, *inter alia,* filing fraudulent sales tax returns and willfully failing to file sales tax returns.

2. Act of August 4, 1991, P.L. 97.

3. In Act 22, the General Assembly also amended Section 201(k) of the Code to extend the sales tax to credit collection services, secretarial services, pest control services, employment agency services, computer programming services, lawn care services, and storage services.

Respondents raise the following preliminary objections to Petitioners' Petition for Review: (1) This Court lacks jurisdiction to hear the case because (a) of the *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) doctrine,[4] (b) there is no jurisdiction over the Attorney General, since there is no case or controversy involving that party, and (c) the Petitioners failed to exhaust their administrative remedies; (2) Petitioners lack standing to allege a chilling effect upon First Amendment rights, because there is no case or controversy with regard to a chilling effect; (3) the Petition for Review fails to state a claim upon which relief can be granted, since the sales tax on lobbying services does not inhibit free speech, applies regardless of the content of the speech involved, and is rationally related to a legitimate state purpose.

We will first discuss Respondents' preliminary objection which asserts that Petitioner's Petition for Review fails to state a claim upon which relief can be granted; that type of preliminary objection is generally referred to as a demurrer. "Preliminary objections in the nature of a demurrer will be sustained only where the averred facts clearly fail to state a claim under any theory of law." *Snyder v. City of Philadelphia*, 129 Pa.Commonwealth Ct. 89, 93, 564 A.2d 1036, 1038 (1989).

Petitioners aver that imposing a sales tax on lobbying services violates their rights to free speech and to petition the government under the First Amendment to the United States Constitution and Article I, Sections 7 and 20 of the Pennsylvania Constitution. A statute is presumed to be constitutional, and this presumption cannot be rebutted unless the party challenging the statute demonstrates that the statute clearly, palpably, and plainly violates the United States Constitution or the Pennsylvania Constitution. *Finucane v.*

4. In *Will*, the United States Supreme Court held that a state and its officials acting in their official capacity are not persons within the meaning of 42 U.S.C. § 1983. *Accord Faust v. Commonwealth*, 140 Pa.Commonwealth Ct. 389, 592 A.2d 835 (1991), *petition for allowance of appeal denied*, 530 Pa. 647, 607 A.2d 257 (1992).

*Pennsylvania Milk Marketing Board,* 136 Pa.Commonwealth Ct. 272, 582 A.2d 1152 (1990). Any doubts as to the constitutionality of the statute are to be resolved in favor of upholding the statute. *Id.*

In *Leathers v. Medlock,* 499 U.S. 439, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991), the United States Supreme Court examined the constitutionality of an Arkansas sales tax which imposed a tax on cable television services while exempting the print media. The court considered the question of whether the First Amendment to the United States Constitution prohibits a state from imposing a sales tax on selected segments of the media. The court stated that taxing First Amendment speakers offends the constitution when it singles out the press, targets a small group of speakers, or discriminates on the basis of the content of the speech. Applying the aforementioned rule, the court, in *Leathers,* held that the Arkansas tax was not unconstitutional. The court reasoned that the Arkansas tax applied to many types of goods and services and, therefore, did not single out the press. In addition, the tax did not consider the content of the speech, and the tax was not structured by Arkansas to interfere with the First Amendment activities of the cable television industry.

Respondents argue that, under the reasoning of *Leathers,* Pennsylvania's sales tax on lobbying services sold at retail does not offend the First Amendment. We agree. Under the Code, the sales tax is imposed upon a wide variety of goods and services and does not single out lobbying for special tax treatment. The tax applies to all lobbyists who sell their services at retail without regard to the ideas or the content of the speech advanced by any particular lobbyist. Further, Petitioners have not averred any facts even suggesting that Pennsylvania structured the tax in such a way as to restrict or interfere with the First Amendment activities of lobbyists in petitioning the government for redress of grievances. We hold, therefore, that Petitioners failed to state a claim, under the First Amendment of the United States Constitution, for which relief can be granted.

Moreover, this Court has held that a non-content based sales tax that does not single out particular speakers does not violate the free speech rights protected under Article I, Section 7 of the Pennsylvania Constitution. *Magazine Publishers of America v. Department of Revenue,* 151 Pa.Commonwealth Ct. 592, 618 A.2d 1056 (1992). Therefore, for the same reasons we held that Petitioners failed to state a cause of action under the First Amendment of the United States Constitution, we hold Petitioners have failed to state a cause of action under Article I, Section 7 of the Pennsylvania Constitution.

As to Petitioners' argument that the sales tax is violative of Article I, Section 20 of the Pennsylvania Constitution, which guarantees citizens the right to petition the government, we find that the tax is totally content neutral and in no way interferes with any citizens' rights to petition their governing bodies. The tax is simply a tax on commercial transactions which involve the sales of professional lobbying services. The Code merely imposes a tax on the sale of for profit services, and nothing more.

Further, Petitioners aver that the sales tax on lobbying services exerts a chilling effect on the exercise of their First Amendment rights. They allege that lobbyists could be deterred from speaking, out of fear that criminal sanctions and tax audits could be used to silence lobbyists targeted by the Commonwealth for political reasons. A chilling effect on First Amendment rights occurs when a government regulation, which does not directly inhibit First Amendment rights, deters persons from exercising those rights. *Laird v. Tatum,* 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972). To assert a cause of action under this legal theory, a person "must show that he sustained, or is immediately in danger of sustaining, a direct injury as the result of ... [government] action[.]" *Id.* at 13, 92 S.Ct. at 2325 (quoting *Ex parte Levitt,* 302 U.S. 633, 634, 58 S.Ct. 1, 1, 82 L.Ed. 493 (1937)). In the present case, the Petitioners' allegation of a chilling effect is purely speculative. Petitioners have not alleged that the Commonwealth has

injured them by abusing its power to enforce the sales tax or that they are in immediate danger of being subjected to such action. Therefore, we hold that Petitioners have not averred a cause of action under this legal theory.

■ Petitioners also aver that their right to equal protection under the Fourteenth Amendment to the United States Constitution is violated by the Code, because that statute imposes the sales tax on lobbying services sold at retail but does not impose the sales tax on lobbying services provided by an employee to his or her employer. When analyzing a tax statute under the equal protection clause, a rational basis test is applied. *Leventhal v. City of Philadelphia*, 518 Pa. 233, 542 A.2d 1328 (1988). The proper test is "whether the classification is based upon some legitimate distinction between the classes that provides a non-arbitrary and ' "reasonable and just" ' basis for the difference in treatment." *Leonard v. Thornburgh*, 507 Pa. 317, 321, 489 A.2d 1349, 1352 (1985) (quoting *Aldine Apartments v. Commonwealth*, 493 Pa. 480, 487, 426 A.2d 1118, 1121–22 (1981)).[5]

■ In our view, there is a reasonable and just basis for the General Assembly's decision to treat lobbyists who sell their services on a contract basis differently from lobbyists who are employees of an organization. When a party contracts with a lobbyist, a commercial transaction takes place in the form of a sale of a service at retail. In contrast, when an employee of an organization lobbies for his or her employer, there is no retail sale of a service. It is manifestly reasonable for the

5.  Petitioners assert that the tax on the sale of lobbying services interferes with their First Amendment rights, and, therefore, a high level of scrutiny must be applied when deciding this question. We disagree. When a statute establishes a classification which impinges on a fundamental right or operates to the disadvantage of members of a suspect class, the classification is invalid unless it is necessary to the achievement of a compelling state interest; this test is referred to as the "strict scrutiny test." *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986). While First Amendment rights are fundamental rights, we determined that placing a sales tax on lobbying services at retail does not violate either the First Amendment to the United States Constitution or Article I, Sections 7 and 20 of the Pennsylvania Constitution; hence, we hold that the strict scrutiny test is inapplicable here.

General Assembly not to impose the sales tax on services provided in a transaction not involving a sale. Therefore, because the sales tax in question clearly meets the constitutional requirements of the equal protection clause of the Fourteenth Amendment of the United States Constitution, we conclude that Petitioners have failed to show that they have a cause of action under this legal theory.

■ Petitioners also assert that the tax violates Article VIII, Section I of the Pennsylvania Constitution (the uniformity clause). This Section of the Pennsylvania Constitution is analyzed using the same test that is employed in federal equal protection cases. *Leventhal.* Accordingly, the same rational used to conclude that Petitioners have failed to state a claim upon which relief may be granted under the equal protection clause of the United States Constitution, mandates our conclusion that Petitioners have also failed to state a claim under Article VIII, Section I of the Pennsylvania Constitution.

Respondents' preliminary objection in the form of a demurrer shall be sustained, and Petitioners' Petition for Review is dismissed.[6]

### ORDER

AND NOW, this 22nd day of April, 1993, the preliminary objection in the nature of a demurrer in the above-captioned matter is sustained. Accordingly, the petition for review in the above-captioned matter is dismissed.

---

**6.** Because of our disposition of this matter, we need not consider Respondents' preliminary objections involving jurisdiction and standing.